[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 14, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11324
Non-Argument Calendar

_____

D. C. Docket No. 04-14031-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES NORMAN BAUR, JR.,
a.k.a. Norman Baur,
a.k.a. Edward Baur,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 14, 2005)

Before MARCUS, WILSON and RONEY, Circuit Judges.

PER CURIAM:

In this direct appeal after a guilty plea, appointed counsel's motion to withdraw is granted and the defendant's conviction and sentence are affirmed.

Indicted on six counts of bank fraud, in violation of 18 U.S.C. § 1344, defendant Charles Norman Baur, Jr. pled guilty to two counts in exchange for the government's promise to dismiss the remaining counts. Baur and the government entered into a written plea agreement in which the government agreed to recommend at sentencing a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The plea agreement also noted: that Baur's sentence would be calculated using the Federal Sentencing Guidelines, that the court had discretion to depart from the guideline range under certain circumstances, that Baur would not be able to withdraw his plea solely as a result of the sentence imposed, that Baur faced a 30-year statutory maximum and $1 million fine on each count, and that Baur's base offense level under the Sentencing Guidelines was 24 as a result of Baur having derived more than $1 million in gross receipts from one or more financial institutions. Because no single financial institution was ever endangered for more than $1 million in losses, however, the parties agreed that Baur's case fell "outside the heartland" of cases and justified a downward departure to an offense level of 19. Baur agreed to waive his statutory right to appeal his sentence under 18 U.S.C. § 3742, including any constitutional challenge to the application of the Sentencing Guidelines, unless his sentence exceeded the

2

statutory maximum sentence or was the result of an upward departure, or if the government appealed the sentence imposed.

Before accepting Baur's guilty plea at a change of plea hearing, the district court, in compliance with the requirements of Federal Rule of Criminal Procedure 11, specifically questioned Baur concerning the plea agreement's appeal-waiver provision, which Baur stated that he understood the effect of his waiver. The record clearly shows that Baur understood the nature and extent of his sentence-appeal waiver.

The court sentenced Baur to 37 months' imprisonment, at the low end of the guideline range. The court also imposed a three-year term of supervised release and waived any applicable restitution or fine. Neither party indicated that they had any objections.

Robert E. Adler, appointed to represent Baur, filed a notice of appeal on behalf of Baur and thereafter filed a motion to withdraw, accompanied by a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), concluding that there are no grounds upon which an appeal could be predicated. The certificates of service on the motion and the brief indicate that counsel had served Baur with both, and this Court's clerk's office had also notified Baur of his right to respond. Baur has not filed a response to counsel's motion to withdraw.

In the *Anders* brief, counsel correctly notes that the only objection raised by the defense to the Pre-Sentence Investigation Report was its failure to include the parties' joint recommendation of a downward departure to an offense level of 19, based on a finding that the offense fell outside the heartland of bank-fraud cases. Counsel notes that the district court thereafter accepted the parties' recommendation and granted the downward departure in accordance with the terms of the plea agreement. Counsel asserts that the district court properly applied the guidelines as advisory pursuant to *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005), and sentenced Baur to the low end of the advisory guideline range. Counsel acknowledges that Baur's sentence of 37 months' imprisonment and 3 years' supervised release was a lawful sentence.

An independent review of the record reveals no issue of arguable merit and counsel's assessment of the relative merit of the appeal is correct. A guilty plea waives most non-jurisdictional issues. *See United States v. Matthews*, 168 F.3d 1234, 1242 (11th Cir. 1999). At the Rule 11 hearing, Baur admitted under oath the facts upon which the indictment was based. Baur voluntarily waived his right to appeal his sentence. The right to appeal a sentence is a statutory right that can be waived if waived knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). The exceptions in the appeal waiver are not present here: the sentence did not exceed the statutory

4

maximum sentence nor was it the result of an upward departure, and the government has not appealed the sentence imposed. In light of the overwhelming evidence in the record showing that Baur understood the nature and extent of his sentence-appeal waiver, the waiver is effective and precludes review of any issue regarding Baur's sentence.

Counsel's motion to withdraw is **GRANTED** and appellant's conviction and sentence are **AFFIRMED**.